**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No.  09-cv-02895-WJM-MJW

MICHAEL McCAMMOND,

      Plaintiff,

v.

SCHWAN'S HOME SERVICE, INC.,

      Defendant.

---

## ORDER ON ISSUES RAISED BY TRIAL BRIEFS

---

      On August 8, 2011, the Court ordered the parties to submit trial briefs addressing the following:

1. Whether Defendant should be permitted to present evidence relating to whether the September 7, 1979 Contract of Employment for Retail Routes is the operative employment contract or whether it was cancelled, amended, or otherwise altered by later documents and/or agreements.  The parties should specifically address the effect of Defendant's failure to include any reference to the cancellation, amendment or otherwise non-binding nature of the September 7, 1979 Contract of Employment in the December 16, 2010 Final Pretrial Order, or in its briefing on its motion for summary judgment.

2. Whether Colorado or Minnesota law applies to the question of whether the September 7, 1979 Contract of Employment was cancelled, amended, or otherwise altered by later employment documents signed by Plaintiff.

3. Whether expert testimony is necessary to prove

future damages.

(ECF No. 78.)  The Court has received the parties' filings and will address the issues

raised therein.

## I.   CANCELLATION OR AMENDMENT OF PLAINTIFF'S EMPLOYMENT CONTRACT

On October 15, 2010, Defendant moved for summary judgment arguing that

Plaintiff had failed to show the existence of a factual dispute as to whether he was

terminated for cause as required by his 1979 Contract of Employment.  (ECF No. 32.)

In a footnote in the Motion for Summary Judgment, Defendant stated:

> The material terms of Plaintiff's employment changed
> drastically over time from the terms contained in the 1979
> Contract of Employment for Retail Routes.  Solely for the
> purpose of this Motion for Summary Judgment, Defendant
> admits the existence of a contract.  For all other purposes
> (including trial of this action), Defendant reserves the right to
> assert the dissolution/waiver of the contract, or any other
> defense to the existence of a contract, as a defense to
> Plaintiff's claims.

(*Id*. at 9 n.2.)  Finding a genuine dispute of material fact, the Court denied Defendant's

Motion for Summary Judgment.  (ECF No. 46.)

On December 13, 2010, Defendant filed its Proposed Pretrial Order.  (ECF No. 35.)

In the section entitled "Claims and Defenses", Defendant stated as follows:

> Defendant contends Plaintiff was terminated for cause,
> pursuant to the terms of his employment contract. Defendant
> denies Plaintiff's claims, denies that it wrongfully terminated
> Plaintiff's employment contract without cause, denies Plaintiff's
> termination was a breach of his employment contract, denies
> Plaintiff's termination was a breach of any covenant of good
> faith and fair dealing, and states Plaintiff was terminated for
> insubordination in violation of Schwan's Home Service, Inc.'s

Standards of Conduct. In addition, Plaintiff previously communicated his refusal to work a five-day schedule as required by the salary plus commission compensation program for Customer Service Managers that required additional days of work for Customer Service Managers who did not meet specified sales targets.

In the alternative, Defendant contends, even if a jury determines Plaintiff was not terminated for cause, Plaintiff is not entitled to the damages he claims. In addition to the "for cause" provision, Plaintiff's employment contract granted either party the right to voluntarily terminate the contract at any time upon two weeks' notice to the other party. Therefore, even if Plaintiff was not terminated for cause (which he was), the maximum damages to which Plaintiff would be entitled would be two weeks' wages for Defendant's failure to provide two weeks' notice prior to termination.

(*Id*. at 2-3.) There was no mention of a defense related to cancellation or amendment of the employment contract. On December 16, 2010, the Court entered its Final Pretrial Order, which adopted Defendant's Proposed Pretrial Order as far as it set forth Defendant's claims and defenses. (ECF No. 37.) The case was set for a three-day jury trial to begin on August 22, 2011. (ECF No. 38.)

On August 4, 2011, Defendant filed its Proposed Disputed Jury Instructions. (ECF No. 73.) Defendant's Disputed Instruction A was a "Statement of the Case" that provided as follows:

Schwan's position is the following:

(1) The provisions relating to employment termination within Plaintiff's September 7, 1979 Contract of Employment were cancelled by Plaintiff's agreement to be bound by the "You and Schwan's" handbook on August 11, 1990, which stated that Plaintiff's employment could be terminated by either party, at any time, and for any reason. In addition, Plaintiff specifically agreed on January 29, 1995 that the "employment relationship

between Schwan's and [Plaintiff] is terminable at the will of either Schwan's or [Plaintiff]." Accordingly, the September 7, 1979 Contract of Employment was cancelled and Defendant did not breach it.

(2) Even if the September 7, 1979 Contract of Employment remained effective at the time of Plaintiff's termination, Defendant terminated Plaintiff for cause, as permitted by the Contract.

(3) Even if the September 7, 1979 Contract of Employment remained effective at the time of Plaintiff's termination, and even if Plaintiff was terminated without cause, Schwan's was entitled under the Contract to terminate Plaintiff's employment without cause upon two weeks' notice to Plaintiff and to pay Plaintiff $175.00 per week during such two week period. Accordingly, Plaintiff's damages, if he proves his claim for breach of contract, are limited to $350.00.

(4) Even if the September 7, 1979 Contract of Employment remained effective at the time of Plaintiff's termination, and even if the Plaintiff was terminated without cause, Schwan's provided notice of termination of Plaintiff's employment more than fifteen (15) days prior to the expiration of the contract term ending September 6, 2009. Plaintiff's employment contract therefore did not automatically renew on September 7, 2009 and Plaintiff's damages are limited to wages and benefits he would have earned had he remained employed by Schwan's from December 23, 2008 through September 6, 2009.

(ECF No. 73 at 3-4.)

Comparing the "Claims and Defenses" submitted by Defendant and adopted by the Court in the Final Pretrial Order with the "Statement of the Case" submitted by Defendant as a Proposed Disputed Jury Instruction, it is clear that Defendant's theory of the case has evolved. The question currently before the Court is whether Defendant should be permitted at trial to argue its newly raised defense that the contract was modified or

cancelled.

The Tenth Circuit has held that "the pretrial order is the controlling document for trial." *Expertise Inc. v. Aetna Financial Co.*, 810 F.2d 968, 973 (10th Cir. 1987). "[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived." *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002). Modification of the final pretrial order is discouraged. *Koch v. Koch Industries*, 179 F.R.D. 591, 596 (D. Kan. 1998) ("A policy of too-easy modification of pretrial orders not only encourages carelessness in the preparation and approval of the initial order, but unduly discounts it as the governing pattern at trial.")

Defendant does not dispute the fact that it failed to assert its modification and/or cancellation defense in the "Claims and Defenses" section of the Final Pretrial Order. Defendant argues that, regardless of this omission, it should be permitted to assert its modification and/or cancellation defense because it specifically reserved the right to raise such argument in its Motion for Summary Judgment. (ECF No. 90 at 3.) Defendant argues that, based on this assertion, Plaintiff was on notice that Defendant intended to raise modification and/or cancellation of the contract.

The Court does not doubt that, at some point during this litigation, Plaintiff knew that Defendant was pursuing a defense related to the modification or cancellation of the 1979 employment contract. However, it is not unheard of for a party to pursue multiple theories of recovery or defenses during discovery and then to abandon one or more of those theories as they prepare for trial. The purpose of the final pretrial order is to put the other party on notice of which of theories of the case and/or defenses a party intends to pursue

at trial.   Despite its prior reservation of the right to pursue a modification defense, Defendant's failure to include any reference to such defense in the Final Pretrial Order constitutes waiver.  *See Lohmann & Rauscher, Inc. V. YKK Inc.*, 477 F. Supp. 2d 1147, 1152 (D. Kan. 2007) (defendant was precluded from raising defense at trial that was not set forth in final pretrial order); *Merril v. Cintas Corp.*, 941 F. Supp. 1040, 1044 (D. Kan. 1996) (refusing to consider arguments made in summary judgment papers where they were not included in final pretrial order).

Defendant also contends that its list of proposed exhibits in the Final Pretrial Order included Employee Handbooks that would be "offered for no purpose other than to establish that Plaintiff acknowledged an at-will employment relationship in writing and continued to work for Schwan's for over a decade thereafter." (*Id*. at 5.) Defendant argues that the inclusion of these exhibits in the Final Pretrial Order preserved its right to present the modification defense.  The Court disagrees.  Given the nature of Plaintiff's claims and the damages he seeks, the Employee Handbooks could have served many purposes, such as providing a basis for challenging the value Plaintiff assigns to his fringe benefits or arguing that Plaintiff was terminated for cause because he violated a policy set forth in the Handbooks.  The mere fact that Defendant included Employee Handbooks as proposed exhibits in the Final Pretrial Order does not preserve its right to pursue a modification defense when such defense was omitted from the "Claims and Defenses" section of the Final Pretrial Order.

The Court finds that allowing Defendant to, in effect, amend the Final Pretrial Order

-6-

at this point in the proceedings would significantly prejudice the Plaintiff.[1]  Defendant has

consistently defended against this action by arguing that Plaintiff was terminated for good

cause and, therefore, the 1979 Contract of Employment was not breached.  That was

Defendant's position in its Motion for Summary Judgment and its "Claims and Defenses"

set forth in the Final Pretrial Order.  For over ten months, Plaintiff prepared for trial

anticipating that he would need to prove that there was no good cause for his termination.

To allow Defendant to change course less than a week before trial would cause undue

prejudice to Plaintiff that the Court will not allow.  *See Koch*, 203 F.3d at 1223 (district court

did not err in refusing to amend final pretrial order where plaintiffs tried to change litigation

strategy immediately before trial).

The Final Pretrial Order in this case includes no reference to Defendant's

modification or cancellation defense.  (ECF No. 37.)  Defendant failed to raise the defense

of modification or cancellation of the contract until its Statement of the Case filed in its

Proposed Disputed Jury Instructions eighteen days before trial.  That is too late.

Accordingly, the Court will not permit Defendant to argue that Plaintiff's 1979 Contract of

Employment was modified or cancelled by later agreements or handbooks.

Given this ruling, the Court ORDERS the parties to meet-and-confer regarding a

joint Statement of the Case that would comply with the undersigned's Revised Practice

Standard VI.B  and to submit such Statement of the Case not later than **August 18, 2011**.

---

[1]  The Court notes that Defendant has not formally moved to amend the Final Pretrial Order.  However, its proposed Statement of the Case effectively does so as it would supercede the "Claims and Defenses" set forth in the Final Pretrial Order.

## II.     WHETHER COLORADO OR MINNESOTA LAW APPLIES TO THE QUESTION OF WHETHER THE EMPLOYMENT CONTRACT WAS MODIFIED OR CANCELLED

Because the Court will not allow Defendant to raise modification or cancellation of the contract as a defense at trial, it need not address whether Colorado or Minnesota law would govern on this issue.

## III.     EXPERT TESTIMONY FOR PURPOSES OF ESTABLISHING FUTURE DAMAGES

Plaintiff seeks damages in the amount of $302,250.00.  (ECF No. 37 at 2.)  Plaintiff arrived at this amount by multiplying his annual salary ($33,000.00/year) combined with the alleged value of his fringe benefits ($6,000.00/year) by the 7 3/4 years he intended to work before he retired.  Plaintiff argues that, because this is a simple calculation, he is not required to introduce any expert testimony to prove damages.  (ECF No. 89 at 8-9.) Defendant contends that Plaintiff is required to present expert testimony to prove any future damages and that failure to do so shows that future damages are speculative.[2] (ECF No. 90 at 13-15.)

Minnesota law provides that "[t]he measure of damages for breach of an employment contract is the compensation which an employee who has been wrongfully discharged would have received had the contract been carried out according to its terms." *Feges v. Perkins Rests., Inc.*, 483 N.W.2d 701, 709 (Minn. 1992); *see also Soules v. Independent School Dist. No. 518*, 258 N.W.2d 103, 106 (Minn. 1977) ("In cases where

---

[2]  Defendant also contends that Plaintiff is not entitled to future damages because that would exceed the terms of the contract.  (ECF No. 90 at 12-13.)  However, the Court denied Defendant's Motion in Limine concerning this topic and ruled that the appropriate measure of damages was a question for the jury.  The Court sees no reason to reconsider its ruling.

the amount of salary is fixed by an employment contract, a wrongfully discharged employee's damages are measured by the salary promised under the contract."). Plaintiff bears the burden of proving the amount of damages to a reasonable certainty. *Pietrzak v. Eggen*, 295 N.W.2d 504, 507 (Minn. 1980). "However, it is not necessary that the evidence be unequivocal or that it establish future damages to an absolute certainty. Instead, the plaintiff must prove the reasonable certainty of future damages by a fair preponderance of the evidence." *Id.*

Defendant fails to cite any Minnesota law requiring expert testimony to prove damages in a breach of employment contract case. The Court sees no reason why, given the nature of the damages sought in this case, Plaintiff is required to present expert testimony to meet his burden. *See Wise v. Kansas City Life Ins. Co.*, 433 F. Supp. 2d 743, 752 (N.D. Miss. 2006) (where plaintiffs testified as to their actual contractual damages, no expert was required); *Bethley v. Allstate Ins. Co.*, 2009 WL 3481131, *4 (E.D. La. Oct. 26, 2009) (allowing plaintiff to prove future lost wages with tax documents and not requiring expert testimony). At trial, Defendant is free to argue to the Court and the jury that Plaintiff has failed to meet his burden of proving damages with reasonable certainty.[3] But the Court cannot say, as a matter of law, that Plaintiff is required to present expert testimony to do so.

Defendant also argues that, to the extent the jury awards future damages, this amount should be discounted to present value. (ECF No. 90 at 14-15.) In a breach of

---

[3] The Court has separately asked the parties to brief whether front pay damages (if any) should be determined by the Court or the jury. The Court will rule on that issue in a separate order.

contract case, Minnesota law permits damages to be discounted to present value but does not require such. *Board v. Simmons Industries, Inc.*, 1994 WL 454738, *3 (Minn. App. Aug. 23, 1994) ("Whether to provide such a discounting instruction . . . is generally within the trial court's discretion.") (citing *Olsen v. Special Sch. Dist. No. 1*, 427 N.W.2d 707, 714 (Minn. App. 1988)).   The Court need not determine at this time whether it will instruct the jury on discounting future damages to present value because even if it decides to do so, Minnesota law does not require expert testimony on the subject to assist the jury. *Busch v. Busch Construction, Inc.*, 262 N.W.2d 377, 396 (Minn. 1977) ("The jury is generally left to its own good discretion as to what discount factor should be used."); *Riha v. Jasper Blackburn Corp.*, 516 F.2d 840, 845 (8th Cir. 1975) ("Inflation is a fact of life within the common experience of all jurors.").  *See also Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1180 (11th Cir. 2002) (holding that "the district court did not commit error by allowing the jury to calculate damages without the testimony of an expert on present value.")

Defendant is free to propose a jury instruction regarding discounting to present value and the Court will consider whether to instruct the jury on discounting at the appropriate time during trial.  Additionally, should the jury's damages award be exorbitant, the Court can rectify it post-trial.  *See Riha*, 516 F.2d at 845 (remanding to the district court to allow defendant to request remittur of jury's damages award).

## IV.   CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Defendant will not be permitted at trial to pursue a defense related to modification and/or cancellation of the 1979 Contract of Employment;

2.    The parties shall meet-and-confer regarding a joint Statement of the Case, as contemplated by WJM Practice Standard VI.B, and shall submit same to the Court not later than **August 18, 2011**; and

3.    Plaintiff may attempt to prove his damages without expert testimony.  The Court makes no determination as to whether Plaintiff will be able to meet his burden of proving damages to a reasonable certainty absent expert testimony.  The Court holds only that Plaintiff may attempt to do so.

Dated this 17th day of August, 2011.

BY THE COURT:

William J. Martínez
United States District Judge

-11-