**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-02895-WJM-MJW

MICHAEL McCAMMOND,

    Plaintiff,

v.

SCHWAN'S HOME SERVICE, INC.,

    Defendant.

---

**ORDER ON SUPPLEMENTAL TRIAL BRIEFS
AND DEPOSITION DESIGNATIONS**

---

At the Trial Preparation Conference, two issues were raised that remain pending: (1) whether Defendant will be permitted to use Plaintiff's videotaped deposition testimony as substantive evidence at trial; and (2) whether the jury or the Court should determine whether Plaintiff is entitled to front pay. The Court will address each of these issues below.

**I.    USE OF DEPOSITION TESTIMONY**

Defendant has submitted deposition designations indicating that it intends to use portions of Plaintiff's videotaped deposition testimony "for purposes other than impeachment." (ECF No. 86.) Plaintiff objects to the use of his videotaped deposition testimony because he will testify live at trial and will be subject to live cross-examination by the Defendant.

The preference for live testimony at trial rather than deposition testimony as a

substitute is uniformly stressed in case law. This was long ago asserted by Judge Learned Hand, who stated: "[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939). The preference expressed by Learned Hand is the constant theme of courts which have dealt with the issue of the use of depositions in lieu of live testimony. For example, one court in this circuit has held: "Parties or witnesses who will be present at trial are generally not permitted to testify by way of deposition in lieu of live testimony." *Hillman v. U.S. Postal Service*, 171 F. Supp. 2d 1174, 1175 (D. Kan. 2001); *see also U.S. v. IBM Corp.*, 90 F.R.D. 377, 382 (S.D.N.Y. 1981) (citing Circuit Court decisions standing for the same proposition).

The portions of the deposition testimony proffered by Defendant would be admissible under Federal Rule of Civil Procedure 32(a)(3) which provides that "[a]n adverse party may use for any purpose the deposition of a party." However, the Court has significant discretion when determining whether to admit deposition testimony at trial. *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th Cir. 1999); *Garcia-Martinez v. City and Cty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004). The Tenth Circuit has held that, despite the admissibility of the opposing party's deposition under Rule 32(a)(3), "the admission of deposition testimony still remains subject to the sound discretion of trial court and 'it has a perfect right to limit the use of the material if the deposition is repetitious or immaterial.'" *Coletti*, 165 F.3d at 773 (quoting *King & King Enterprises v. Champlin Petroleum Co.*, 657 F.2d 1147, 1164 (10th Cir. 1981)).

Given the preference for live testimony, the Court DENIES Defendant's request

to offer Plaintiff's videotaped deposition as substantive evidence at trial. Defendant remains free, of course, to use Plaintiff's deposition for impeachment purposes.

## II.    DETERMINATION OF FRONT PAY

The parties were asked to submit briefs addressing whether the Court or the jury should determine what, if any, front pay is appropriate in this case. The parties both state that it this issue is unclear under Minnesota law. Having reviewed the briefs and conducted its own research, the Court concludes that Minnesota law dictates that the determination of front pay is a question for the jury in a breach of employment contract case.

In *Feges v. Perkins Restaurants, Inc.*, 483 N.W.2d 701 (Minn. 1992), the trial court instructed the jury that only damages that occurred before trial were recoverable. On appeal, the Minnesota Supreme Court held that "it is error to instruct the jury in a breach of an employment contract case that only damages suffered before the trial are recoverable. The jury should be instructed that damages for breach of an employment contract consist of the compensation which an employee who has been wrongfully discharged would have received if the contract had been carried out according to its terms." *Id*. at 710. The Court then set out factors that the jury should consider in making its front pay determination. *Id*.

Defendant contends that the Minnesota Supreme Court changed course in *Ray v. Miller Meester Advertising, Inc.*, 684 N.W.2d 404 (Minn. 2004) by holding that the Court should determine whether front pay is appropriate. However, the plaintiff in *Ray* asserted claims under the Minnesota Human Rights Act and Title VII of the federal Civil

Rights Act. The holding in *Ray* governs the award of front pay under those statutes but is inapplicable to a breach of contract case. Nothing in *Ray* overruled *Feges* for purposes of a breach of employment contract case such as this.

Because Minnesota law clearly states that the jury should determine whether front pay is appropriate as part of its general award of damages, the Court will so instruct the jury on this issue. However, the Court's special interrogatories will require that the jury's award be broken out into two parts, one for the damages, if any, incurred by Plaintiff through to the date of the verdict, and one for the damages, if any, the jury finds Plaintiff will sustain post-trial. Given the anticipated lack of evidence from either party at trial on the appropriate manner of discounting to present value any award of future damages,[1] the Court will consider this issue when it is asked to rule on an appropriate post-trial motion.

The parties should be mindful of these and all other pretrial rulings when submitting any supplemental proposed jury instructions and verdict forms the Court, in its discretion, hereafter determines the parties should file prior to and during the trial.

Dated this 18th day of August, 2011.

BY THE COURT:

William J. Martínez
United States District Judge

---

[1] Neither party has listed an expert capable of testifying about discounting a damages award of their witness lists.