IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02895-WJM-MJW

MICHAEL L. McCAMMOND,

    Plaintiff,

v.

SCHWAN'S HOME SERVICE INC.,

    Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR COURT TO REVIEW CLERK'S ACTION ON
DEFENDANT'S BILL OF COSTS (DOCKET NO. 111)**

---

This matter is before the court on Plaintiff's Motion for Court to Review Clerk's Action on Defendant's Bill of Costs (docket no. 111). The court has reviewed the subject motion (docket no. 111), and the response (docket no. 112) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

    3.    That each party has been given a fair and adequate opportunity to be heard;

    4.    That Fed. R. Civ. P. 54(d)(1) states:

> **Costs Other Than Attorney's Fees**. Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees- should

      be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

5.  That Defendant was the prevailing party on the merits and therefore Defendant is entitled to its costs pursuant to Fed. R. Civ. P. 54(d)(1) and Rodriguez v. Whiting Farms, Inc., 203 F.3d 1180,1190 (10th Cir. 2004). Also see Final Judgment (docket no. 106);

6.  That the clerk considered thoroughly the Defendant's written itemized Bill of Costs (docket no. 107) and awarded Defendant costs in the amount of $2,943.85. Defendant had requested costs in the amount of $4,648.55 and the clerk appropriately addressed Plaintiff's argument when he reduced the requested amount of costs sought by Defendant. See docket no. 110. In entering the $2,943.85 in costs, the clerk also took into consideration 28 U.S.C. §§ 1920 and 1924, Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

7.  That Plaintiff has failed to demonstrate that he should not be required to pay costs and he has failed to overcome the presumption of costs to the prevailing party under Fed. R. Civ. P. 54(d)(1) and Mundell v. Bd. Of County Com'rs of Saguache County, 2007 WL 1061510, *1 (D. Colo. April 5, 2007).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **ORDERS** that Plaintiff's Motion for Court to Review Clerk's Action on Defendant's Bill of Costs (docket no. 111) is **DENIED.**

Done this 6th day of February, 2012.

    BY THE COURT

    s/Michael J. Watanabe
    MICHAEL J. WATANABE
    U.S. MAGISTRATE JUDGE